IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**FRANKLIN BRANDON TOLBERT,**

    *Petitioner,*

v.                                                                                   Civil Action No. 2:17cv150

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    *Respondent.*

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Franklin Brandon Tolbert ("Petitioner" or "Tolbert") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 13, 2017. (EFC No. 1). The Norfolk Circuit Court convicted Tolbert of robbery, use of a firearm in the commission of a robbery, credit card theft, and credit card fraud. On September 19, 2012, he was sentenced to a total of nineteen years and twelve months incarceration. The charges stem from a January 18, 2011 robbery of a 73-year-old woman and the subsequent use of her credit card to purchase a large quantity of cigarettes and some fuel from a nearby convenience store and gas station. Tolbert's federal habeas corpus petition asserts that his trial counsel provided ineffective assistance by failing to conduct an adequate pre-trial investigation, failing to seek to suppress an allegedly coerced statement given to police, by not calling Tolbert's girlfriend, Danielle Lee Johnson, as an alibi witness, and by not hiring an expert to review and enhance the convenience store's video footage in an effort to prove that Tolbert was not the person who used the victim's stolen credit card. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28

1

U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation. Because Tolbert's petition is time-barred and Tolbert has not stated any basis to toll the limitations period or excuse his untimely filing, the undersigned recommends that the Court dismiss the petition.

### I. STATEMENT OF THE CASE

The Norfolk Circuit Court, in a bench trial, convicted Tolbert of robbery, use of a firearm in the commission of a robbery, credit card theft, and credit card fraud on August 10, 2012 and sentenced him to incarceration for a period of nineteen years and twelve months on September 19, 2012. Tolbert filed a Notice of Appeal in the Court of Appeals of Virginia on November 21, 2012. On June 4, 2013, the Court of Appeals of Virginia denied the appeal. Tolbert then appealed to the Supreme Court of Virginia on July 3, 2013. The Virginia Supreme Court denied his appeal on October 4, 2013. On June 2, 2014, Tolbert filed a state habeas petition, which was denied by the Circuit Court in a final order dated October 21, 2014. On January 20, 2015, Tolbert filed a habeas appeal in the Supreme Court of Virginia. On March 18, 2015, the Supreme Court dismissed the appeal as untimely. On March 13, 2017, Tolbert filed his current federal Petition under 28 U.S. C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Tolbert's federal habeas corpus petition raises the following claims for relief:

Ineffective Assistance of Counsel by:

    a)     Failure to conduct an adequate pre-trial investigation (not seeking to suppress a coerced statement given to the police);

    b)     Failure to present an alibi witness; and

  c) Failure to provide an expert witness to review and "enhance" video evidence upon which the prosecution relied for identification of the petitioner.

Pet. (ECF No. 1 at 3).

Respondent filed a Rule 5 Answer and Motion to Dismiss with an accompanying Brief in Support of Motion to Dismiss and Rule 5 Answer on May 4, 2017. (ECF No. 11, 12, 13). Respondent's brief argues that Tolbert's petition is untimely and no tolling exception applies, and that Petitioner's claims are exhausted and defaulted. (ECF No. 13). Petitioner responded on June 12, 2017. (ECF No. 15). After reviewing Tolbert's Petition and Response, this Report finds that his federal petition is time-barred. Tolbert's pleadings do not allege any basis to overcome these impediments and obtain federal review of his conviction.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Petitioner's Habeas Petition is Time-Barred.**

Tolbert's federal habeas corpus petition is time-barred. In order for a federal court to review a state court ruling under a habeas corpus petition, that petition must be filed within the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The statute lists four possible starting points for the statute of limitation to begin running, the first of which applies to this case: "the date on which the judgement became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2012). Tolbert's conviction was entered when the Circuit Court sentenced him on September 19, 2012. Tolbert began the state appeals process which culminated in an appeal to the Supreme Court of Virginia, which denied his appeal on October 4, 2013. He then had ninety (90) days in which to file for a

3

writ of certiorari with the United States Supreme Court. Sup. Ct. R. 13. He did not file a petition for a writ, thus, the statute of limitations for Tolbert's federal habeas corpus petition commenced on January, 2, 2014, the point at which he could no longer petition the United States Supreme Court for a writ of certiorari. 201 days later, Tolbert filed a state habeas petition with the Circuit Court on July 22, 2014. This action paused the running of the federal statute of limitations. See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007). Tolbert had 164 days remaining (365 days, minus the 201 days already expired) in which to file his federal habeas petition. The period remained tolled until after the Circuit Court denied his state habeas petition. Tolbert then had thirty (30) days from the Circuit Court denial in which to file a habeas appeal with the Supreme Court of Virginia. That deadline expired on November 20, 2014 and Tolbert still had 164 days within which to file a federal habeas petition. Tolbert did attempt to appeal the habeas denial to the Virginia Supreme Court, but his appeal was denied on March 18, 2015 because the filing was untimely. Untimely appeals do not toll the statute of limitations, see Wall v. Kholi, 562 U.S. 545, 559-60 (2011), so the statute of limitations continued to run for 164 days from November 20, 2014 and expired on May 3, 2015.[1] Petitioner did not file his federal petition until March 13, 2017, nearly 2 years after the statute of limitations on the federal petition had run. (ECF No. 1). Although Tolbert's claim is clearly barred, he may overcome the bar by alleging facts suggesting he is entitled to equitable tolling or a credible showing of actual innocence.

---

[1] Tolbert's federal habeas petition would still be time-barred even had the filing of the habeas appeal tolled the statute of limitations. Fifty-eight (58) days passed from the filing of the habeas appeal with the Virginia Supreme Court and the court's response (January 20, 2015 – March 18, 2015). Had the statute of limitations been paused for those fifty-eight (58) days, the federal habeas statute of limitations would have run on June 30, 2015, still over twenty (20) months before Tolbert filed his federal habeas petition.

4

For equitable tolling to overcome the statute of limitations, the petitioner must show that either the respondent's wrongful conduct or circumstances beyond petitioner's control prevented him from filing within the statute of limitations. See Holland v. Florida, 560 U.S. 631, 645 (2010); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). Tolbert has alleged no facts that would suggest that respondent somehow prevented him from filing his federal petition within the one-year statute of limitations, nor has he alleged any extraordinary circumstances caused his untimeliness. Tolbert is a pro se plaintiff and perhaps unfamiliar with the law, but his pro se status alone is not a basis for equitable tolling. See Johnson v. United States, 544 U.S. 295, 311 (2005). Equitable tolling does not enable federal review and Tolbert's petition is time-barred.

A credible showing of actual innocence may permit a petitioner to overcome a time-bar restriction, but only if the petitioner, produces new reliable evidence sufficient to persuade the court that no reasonable juror would have found him guilty beyond a reasonable doubt. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). This is a high bar and Petitioner has not even attempted to reach it. Tolbert has failed to present any new evidence, but rather claims that perhaps new evidence may be found if the video evidence used to convict him could be enhanced and reviewed by an expert. Tolbert also claims that his girlfriend at the time, Danielle Lee Johnson, could give him an alibi. But this is not new evidence. In the state habeas proceedings, the court found, based upon affidavits filed by his attorney and by Johnson herself, that Tolbert's attorney had interviewed Johnson at the time, but that she could not recall being with Tolbert. Tolbert v. Dir. of Dept. of Corr., CL-14-5259, slip op. at 6 (Va. Cir. Ct. Oct. 21, 2014). Tolbert has presented no new evidence at all, much less any that would prevent a reasonable juror from finding him guilty. He has not overcome the time-bar to his petition.

### III. RECOMMENDATION

All three of Tolbert's claims are time-barred and he has not presented evidence sufficient to overcome this bar to federal review. Therefore, the undersigned recommends that Respondent's Motion to Dismiss (EFC No. 11) be GRANTED and Tolbert's Petition Under 28 U.S.C. § 2254 for for Writ of Habeas Corpus by a Person in State Custody (EFC No. 1) be DENIED.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days form the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The Parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S.140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the petitioner and to provide an electronic copy to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 29, 2017